LAW OFFICES OF
# DAVID J. GOLD, P.C.
116 JOHN STREET
SUITE 3110
NEW YORK, NEW YORK 10038-3411

---

TEL.: 212.962.2910
FAX: 212.962.2919
EMAIL: DJGPCESQ1@AOL.COM

VIA ELECTRONIC COURT FILING

Tuesday, April 01, 2008

HONORABLE JUDGE RICHARD J. SULLIVAN
UNITED STATES DISTRICT COURT
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

RE: DAVID J. GOLD, P.C., et al. adv. DIANE MICELI
    DJGPC File No.: 1104129
    Case No.: CV 08 2794 (RJS)

Dear Honorable Judge Sullivan:

Please be advised that the undersigned represents defendants, in connection with the above-entitled matter.

Please be further advised that my office respectfully requests that a pre-motion conference be promptly scheduled. Defendants wish to move to dismiss plaintiff's Summons in a Civil Action and Complaint and Jury Demand.

The basis for defendants' motion to dismiss is as follows:

1. With respect to the Third cause of action, plaintiff alleges a violation for failing to serve a CPLR 5222(e) notice. Plaintiff alleges said violation occurred on March 14, 2007, when defendants served the restraining notice, and allegedly failed to serve a 5222(e) notice within four (4) days, i.e., March 18, 2007. Plaintiff filed her Summons and Complaint in this action on March 25, 2008 making her claim fatally defective in that

DAVID J. GOLD, P.C., et al. adv. DIANE MICELI
DJGPC File No.: 1104129
Case No.: CV 08 2794 (RJS)
Tuesday, April 01, 2008
Page Two (2)

plaintiff is barred by the one (1) year statute of limitations period applicable to this cause of action. In any event, defendants did in fact serve said notice.

2. With respect to plaintiff's First, Second and Fourth causes of action, it is submitted that plaintiff has woefully failed to state a cognizable cause of action against defendants. Plaintiff alleges that violations occurred when "defendants refused to release exempt monies unless plaintiff entered into a payment plan." In actuality, defendants executed on a valid judgment against plaintiff and restrained one of plaintiff's bank accounts. The account was not identified as containing only exempt funds and plaintiff herself advised defendants that she commingled exempt and non-exempt funds in said bank account with her son. Defendants advised plaintiff that since she had comingled funds in said account, it was necessary for a Court to conduct a hearing relative to the "status" of said funds. Defendants advised plaintiff to either move the Court for appropriate relief or enter into a settlement on the underlying debt, the validity of same which plaintiff has always acknowledged as a valid debt and judgment. Plaintiff indicated she wished to settle the matter with a payment plan, but did not move forward with same. Plaintiff's account was restrained in March, 2007, yet she did not move the Court until July 30, 2007. The lower Court rendered its decision in October, 2007 and defendants complied with the Court's Order upon receipt of same. It is submitted that defendants at all times acted solely within the boundaries of adversarial litigation and plaintiff cannot state a valid and recognizable cause of action against defendants on these causes of action. Defendants, therefore, wish to move at the outset to dismiss this frivolous lawsuit instituted by plaintiff as a means of retaliation against defendants.

Pursuant to Your Honor's rules, defendants request that a pre-motion conference be scheduled in order to determine scheduling guidelines for defendants' proposed motion to dismiss on the

DAVID J. GOLD, P.C., et al. adv. DIANE MICELI
DJGPC File No.: 1104129
Case No.: CV 08 2794 (RJS)
Tuesday, April 01, 2008
Page Three (3)


above-stated grounds. Thank you.

                                                          Very truly yours,


                                                          DAVID J. GOLD

DJG/lrs

cc:   South Brooklyn Legal Services
      Att: John C. Gray, Esq.
      Attorneys for Plaintiff
      Via Facsimile Only: 718.855.0733