UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DIANE MICELI,

                    Plaintiff,

      -against-

DAVID J. GOLD, P.C., IN HIS
CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD
FINANCIAL, INC. and LINCOLN
FINANCIAL SERVICES, INC. and
ASHWOOD FINANCIAL INC.,

                    Defendants.

------------------------------------X

DAVID J. GOLD, P.C., IN HIS
CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD
FINANCIAL, INC. and LINCOLN
FINANCIAL SERVICES, INC. and
ASHWOOD FINANCIAL INC.,

                    Third-Party
                    Plaintiffs,

      -against-

CAPITAL ONE BANK (USA), N.A.
FORMERLY KNOWN AS NORTH FORK
BANK, SOUTH BROOKLYN LEGAL
SERVICES, INC., JOHN CHIPMAN
GRAY A/K/A JOHN C. GRAY,
EDWARD JOSEPH JOSEPHSON A/K/A
EDWARD JOSEPHSON and JOHNSON
MCGUIRE TYLER A/K/A JOHNSON
M. TYLER,

                    Third-Party
                    Defendants,

------------------------------------X

DJGPC FILE
NO.: 1104129

Case No.
08 CV 2794 (RJS)





THIRD-PARTY
PLAINTIFFS'
COMPLAINT

FIRST:            That third-party plaintiffs bring this third-party action on their own behalf for indemnification of any damages incurred by third-party defendants as a result of plaintiff's lawsuit against them.

SECOND:            That, at all times heretofore mentioned, third-party plaintiff, DAVID J. GOLD, P.C., was and still is a professional corporation duly licensed to practice law under and by virtue of the laws of the State of New York.

THIRD:            That, at all times heretofore mentioned, third-party plaintiff, LINCOLN FINANCIAL SERVICES, INC., was and still is a corporation.

FOURTH:            That, at all times heretofore mentioned, third-party plaintiff, ASHWOOD FINANCIAL, INC., was and still is a corporation.

FIFTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, CAPITAL ONE BANK (USA), N.A., FORMERLY KNOWN AS NORTH FORK BANK, was and still is a domestic banking institution duly organized and existing under and by virtue of the laws of State of New York.

SIXTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, SOUTH BROOKLYN LEGAL SERVICES, INC., was and still is a

2

domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

SEVENTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY, was and still is a resident of/employed within the City and State of New York, at South Brooklyn Legal Services, Inc.

EIGHTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY, was and still is duly licensed as an attorney-at-law and maintains his employment through third-party defendant, South Brooklyn Legal Services, Inc.

NINTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON, was and still is a resident of/employed within the City and State of New York, at South Brooklyn Legal Services, Inc.

TENTH:            That, upon information and belief, at all times heretofore mentioned, third-party defendant, EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON, was and still is duly licensed as an attorney-at-law and maintains his employment through third-party defendant, South Brooklyn Legal Services, Inc.

3

ELEVENTH:              That, upon information and belief, at all times heretofore mentioned, third-party defendant, JOHNSON MCGUIRE TYLER A/K/A JOHNSON M. TYLER, was and still is a resident of/employed within the City and State of New York, at South Brooklyn Legal Services, Inc.

TWELFTH:              That, upon information and belief, at all times heretofore mentioned, third-party defendant, JOHNSON MCGUIRE TYLER A/K/A JOHNSON M. TYLER, was and still is duly licensed as an attorney-at-law and maintains his employment through third-party defendant, South Brooklyn Legal Services, Inc.

THIRTEENTH:              That the cause(s) of action herein arose within the jurisdictional territory of this Court, or the third-party defendants are residents of/conducting business within the jurisdictional territory of this Court.

*AS AND FOR A FIRST CAUSE OF ACTION*
*AGAINST THIRD-PARTY DEFENDANT,*
*CAPITAL ONE BANK (USA), N.A.,*
*FORMERLY KNOWN AS NORTH FORK BANK:*

FOURTEENTH:              That heretofore and on or about the 17th day of March, 2008, plaintiff commenced an action against defendants and third-party plaintiffs, jointly and severally, alleging damages sustained as a result of certain debt collection activities which allegedly violated

4

and overshadowed various provisions of FDCPA, including but not limited to 15 U.S.C.§ § 1692b(6) and 1692c(a)(2).   A copy of plaintiff's Summons and Complaint and defendants' Answer and Counterclaims are annexed hereto and made a part hereof.

FIFTEENTH:        That heretofore and on or about the 29th day of May, 2001, defendants and third-party plaintiffs obtained a judgment against plaintiff in the sum of $ 9,125.54.

SIXTEENTH:        That thereafter, defendants and third-party plaintiffs commenced enforcement proceedings against plaintiff in an attempt to satisfy said judgment.

SEVENTEENTH:        That heretofore and on or about the 14th day of March, 2007, defendants and third-party plaintiffs, through asset tracing, discovered a bank account in plaintiff's name maintained at this third-party defendant, CAPITAL ONE BANK (USA), N.A. FORMERLY KNOWN AS NORTH FORK BANK's, location.

EIGHTEENTH:        That as a result thereof, and heretofore and on or about the 14th day of March, 2007, defendants and third-party plaintiffs served a Restraining Notice, Information Subpoena and Questions and Answers upon this third-party defendant requesting information and restraint of plaintiff's bank account.

NINETEENTH: That upon receipt of said Restraining Notice, Information Subpoena and Questions and Answers, this third-party defendant provided defendants and third-party plaintiffs with information regarding plaintiff's bank account, including the balance of funds in said account.

TWENTIETH: That upon receipt of said Restraining Notice, Information Subpoena and Questions and Answers, this third-party defendant restrained plaintiff's bank account.

TWENTY-FIRST: That this third-party defendant never advised defendants and third-party plaintiffs that said account contained any exempt property.

TWENTY-SECOND: That based on this third-party defendant's representations, defendants and third-party plaintiffs continued the restraint on plaintiff's bank account.

TWENTY-THIRD: That heretofore and on or about the 01st day of May, 2007, based on this third-party defendant's representations, defendants and third-party plaintiffs sent an Execution with Notice to Garnishee to New York City Marshal Martin Bienstock with instructions to levy plaintiff's bank account.

TWENTY-FOURTH:    That heretofore and upon receipt of said Property Execution, Marshal Bienstock levied upon plaintiff's bank account.

TWENTY-FIFTH:    That heretofore and on or about the 29th day of June, 2007, Marshal Beinstock remitted said levied funds to defendants and third-party plaintiffs.

TWENTY-SIXTH:    That heretofore and on or about the 15th day of August, 2007, plaintiff applied to the District Court of the County of Nassau, Second District, Hempstead Part, for the return of the funds in her levied bank account alleging that same were exempt property.

TWENTY-SEVENTH:    That heretofore and on or about the 09th day of October, 2007, Judge Andrew M. Engel, by Decision and Order held that there was "unequivocal proof" that plaintiff's bank account contained exempt monies and directed that the levied funds be returned to plaintiff.

TWENTY-EIGHTH:    That in furtherance of said Order, defendants and third-party plaintiffs returned said funds to plaintiff.

TWENTY-NINTH:    That heretofore and on or about the 17th day of March, 2008, plaintiff instituted litigation against defendants and third-party plaintiffs alleging violations of the Fair Debt Collection Practices ("FDCPA") and damages sustained therefrom as a direct

7

result of defendants and third-party plaintiffs' restraint of plaintiff's bank account containing exempt property.

THIRTIETH:    That as a result of this third-party defendant's position as the financial institution where plaintiff's bank account was held, this third-party defendant knew, or should have known, that plaintiff's bank account contained exempt property.

THIRTY-FIRST:    That as a result thereof, this third-party defendant should have rejected defendants and third-party plaintiffs' Restraining Notice and not restrained plaintiff's bank account.

THIRTY-SECOND:    That as a result thereof, this third-party defendant should not have advised defendants and third-party plaintiffs that plaintiff's account contained exempt funds.

THIRTY-THIRD:    That as a result thereof, this third-party defendant should not have restrained plaintiff's bank account.

THIRTY-FOURTH:    That this third-party defendant acted negligently, recklessly, carelessly and with malice in restraining plaintiff's account.

THIRTY-FIFTH:    That had defendants and third-party plaintiffs been advised by this third party defendant that plaintiff's account contained exempt property, they

8

would not have continued the restraint on said account and would not have issued a Property Execution to Marshal Beinstock.

THIRTY-SIXTH: That as a result of this third-party defendant's negligent, recklessness, carelessness and malicious actions, defendants and third-party plaintiffs have been subjected to plaintiff's lawsuit.

THIRTY-SEVENTH: That in the event plaintiff was caused to sustain any damages as set forth in her Summons and Complaint, which defendants and third-party plaintiffs expressly deny, any such damage was caused by the behavior of this third-party defendant's negligence, recklessness and carelessness based upon its mismanagement of plaintiff's bank account; and defendants and third-party plaintiffs' Restraining Notice and Execution, and consequently, this third-party defendant is responsible in whole or in part for such damages.

THIRTY-EIGHTH: That as a result of the foregoing, defendants and third-party plaintiffs are entitled to indemnification and reimbursement for any and all sums recovered by plaintiff.

THIRTY-NINTH: That by reason of the foregoing, this impleaded third-party defendant will be liable to defendants and third-party plaintiffs in the event and in

9

the full amount of any recovery herein by plaintiff, or for that proportion thereof caused by the relative responsibility of this third-party defendant, and this third-party defendant is bound to pay any all attorney's fees, costs and disbursements associated therewith.

*AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS, SOUTH BROOKLYN LEGAL SERVICES, INC., JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY, EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON and JOHNSON MCGUIRE TYLER A/K/A JOHNSON M. TYLER, JOINTLY AND SEVERALLY:*

FORTIETH:    That defendants and third-party plaintiffs repeat, reiterate and reallege each and every allegation as set forth in paragraphs marked "FIRST" through "THIRTY-NINTH" of the complaint as if same were more fully set forth herein at length.

FORTY-FIRST:    That heretofore and on or about the 14th day of March, 2007, defendants and third-party plaintiffs served a Restraining Notice on plaintiff's bank accounts maintained at third-party defendant, CAPITAL ONE BANK (USA), N.A., FORMERLY KNOWN AS NORTH FORK BANK's, location.

FORTY-SECOND:    That heretofore and on or about March 20, 2007, March 22, 2007 and March 26, 2007,

plaintiff contacted defendants and third-party plaintiffs concerning the Restraining Notice upon her account.

FORTY-THIRD:        That heretofore and on or about the 01st day of May, 2007, defendants and third-party plaintiffs sent a Property Execution with Notice to Garnishee to New York City Marshal Martin Bienstock with instructions to levy plaintiff's restrained bank account.

FORTY-FOURTH:        That upon information and belief, heretofore and on or about the 21st day of May, 2007, plaintiff contacted Marshal Beinstock's office regarding said Property Execution.

FORTY-FIFTH:        That upon information and belief, heretofore and on or about the 21st day of May, 2007, Marshal Bienstock's office advised plaintiff that she needed to apply to the Court to protect her rights.

FORTY-SIXTH:        That heretofore and on or about the 08th day of June, 2007, these third-party defendants, jointly and severally, made an initial contact with defendants and third-party plaintiffs via written correspondence and advised that they were retained by plaintiff and requested the index number with respect to the underlying litigation upon which the Restraining Notice and Execution were issued.

**FORTY-SEVENTH:** That shortly thereafter, defendants and third-party plaintiffs complied with said request and forwarded the index number to these third-party defendants.

**FORTY-EIGHTH:** That heretofore and from on or about the 08th day of June, 2007, to on or about the 15th day of August, 2007, these third-party defendants, jointly and severally, advised defendants and third-party plaintiffs that they were disputing the Restraining Notice and Property Execution.

**FORTY-NINTH:** That heretofore and from on or about the 08th day of June, 2007, to on or about the 15th day of August, 2007, defendants and third-party plaintiffs advised these third-party defendants, jointly and severally, that they were informed that the account contained co-mingled funds and that same would not be released without a court determination as to the status of the funds in said account.

**FIFTIETH:** That during said period of time, these third-party defendants, jointly and severally, did not protect plaintiff's rights and did not apply to the Court for a stay of said Restraining Notice and Property Execution even though they were fully apprised of the

existence of same and defendants and third-party plaintiffs' position thereon.

FIFTY-FIRST:    That during said period of time, i.e., the 08th day of June, 2007, to on or about the 15th day of August, 2007, and heretofore and on or about the 29th day of June, 2007, the Marshal executed upon plaintiff's bank account and remitted the funds to defendants and third-party plaintiffs.

FIFTY-SECOND:    That it wasn't until on or about the 15th day of August, 2007, these third-party defendants, jointly and severally, applied to the Court for the return of plaintiff's funds from the bank account which was previously executed upon by the Marshal and applied in partial satisfaction of the judgment, dated May 29, 2001.

FIFTY-THIRD:    That heretofore and on or about the 09th day of October, 2007, Judge Andrew M. Engel, by Decision and Order, directed that the garnished funds be returned to plaintiff.

FIFTY-FOURTH:    That    shortly    thereafter, defendants and third-party plaintiffs returned said funds to plaintiff.

FIFTY-FIFTH:    That heretofore and on or about the 17th day of March, 2008, plaintiff instituted litigation against defendants and third-party plaintiffs

13

alleging violations of the Fair Debt Collection Practices ("FDCPA") and damages sustained therefrom as a direct result of defendants and third-party plaintiffs' restraint and levy of plaintiff's bank account containing exempt property.

FIFTY-SIXTH: That in plaintiff's litigation, it is alleged that she suffered physical and emotional harm due to the lengthy period of time between the service of the initial Restraining Notice (in or about March, 2007), and the return of her garnished funds (in or about December, 2007).

FIFTY-SEVENTH: That as a result of these third-party defendants' position as the attorneys for plaintiff, these third-party defendants, jointly and severally, knew, or should have known, that the proper procedure to protect plaintiff's rights was to immediately apply to the Court for a stay of the Restraining Notice, Execution and enforcement of the underlying judgment.

FIFTY-EIGHTH: That as a result thereof, these third-party defendants, jointly and severally, should have immediately and without hesitation applied to the Court for such a stay upon their retention as plaintiff's attorneys.

FIFTY-NINTH: That as a result thereof, these third-party defendants, jointly and severally, should not

have sat on plaintiff's rights for over two months negotiating plaintiff's position, without having a stay in place to protect plaintiff's rights.

SIXTIETH:          That these third-party defendants, jointly and severally, acted negligently, carelessly and recklessly in failing to protect plaintiff's rights.

SIXTY-FIRST:          That had these third-party defendants, jointly and severally, acted in a reasonable and professional manner, they would have immediately applied for a stay of the enforcement of the underlying judgment and execution thereof immediately upon retention of their services by plaintiff.

SIXTY-SECOND:          That had these third-party defendants, jointly and severally, acted in a reasonable and professional manner, plaintiff's funds would not have been levied, and had they in fact been levied, same would have been returned to plaintiff in a prompt manner upon the Court's Order.

SIXTY-THIRD:          That had these third-party defendants, jointly and severally, acted in a reasonable and competent manner, plaintiff would not have sustained any alleged physical and emotional harm.

SIXTY-FOURTH:          That based upon the foregoing, any competent member of the New York Bar Association would have

protected plaintiff's rights by applying to the Court for an immediate stay of enforcement and moved the Court to protect plaintiff's rights and assets.

SIXTY-FIFTH:        That as a result of these third-party defendants' negligent, careless and reckless actions, defendants and third-party plaintiffs have been subjected to plaintiff's lawsuit.

SIXTY-SIXTH:        That in the event plaintiff was caused to sustain any damages as set forth in her Summons and Complaint, any such damage was caused by the behavior of these impleaded third-party defendants' negligence, carelessness and recklessness based upon their negligent and incompetent representation of plaintiff, and consequently, these third-party defendants, jointly and severally, are responsible in whole or in part for such damages.

*AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS, SOUTH BROOKLYN LEGAL SERVICES, INC., JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY, EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON and JOHNSON MCGUIRE TYLER A/K/A JOHNSON M. TYLER, JOINTLY AND SEVERALLY:*

SIXTY-SEVENTH:        That defendants and third-party plaintiffs repeat, reiterate and reallege each and every

16

allegation as set forth in paragraphs marked "FIRST" through "SIXTY-SIXTH" of the complaint as if same were more fully set forth herein at length.

SIXTY-EIGHTH: That as a result of the foregoing, these third-party defendants, jointly and severally, failed to take proper and reasonable action in protecting plaintiff's legal rights and failed to mitigate any damages allegedly sustained by plaintiff.

SIXTY-NINTH: That as a result of these third-party defendants' actions in failing to mitigate plaintiff's alleged damages, defendants and third-party plaintiffs have been subjected to plaintiff's lawsuit.

SEVENTIETH: That in the event plaintiff was caused to sustain any damages as set forth in her Summons and Complaint, any such damage was caused by the behavior of these impleaded third-party defendants' failure to mitigate same, and consequently, these impleaded third-party defendants, jointly and severally, are responsible in whole or in part for such damages.

17

*AS AND FOR A FOURTH CAUSE OF ACTION*
*AGAINST THIRD-PARTY DEFENDANTS,*
*SOUTH BROOKLYN LEGAL SERVICES,*
*INC., JOHN CHIPMAN GRAY A/K/A*
*JOHN C. GRAY, EDWARD JOSEPH JOSEPHSON*
*A/K/A EDWARD JOSEPHSON and JOHNSON*
*MCGUIRE TYLER A/K/A JOHNSON M.*
*TYLER, JOINTLY AND SEVERALLY:*

SEVENTY-FIRST:       That   defendants   and   third-party
plaintiffs  repeat,  reiterate  and  reallege  each  and  every
allegation   as   set   forth   in   paragraphs   marked   "FIRST"
through "SEVENTIETH " of the complaint as if same were more
fully set forth herein at length.

SEVENTY-SECOND:       That   as   a   result   of   the
foregoing,  these  third-party  defendants  negligently  failed
to   take   proper   and   reasonable   action   in   protecting
plaintiff's  legal  rights  and  failed  to  mitigate  the  damages
allegedly suffered by plaintiff.

SEVENTY-THIRD:       That as a result of these third-
party   defendants'   negligent   actions   in   failing   to
adequately  represent  plaintiff  in  a  manner  which  would  have
been  taken  by  a  reasonable  and  competent  member  of  the  New
York  State  Bar  when  presented  with  the  same  fact  pattern
and  in  failing  to  mitigate  plaintiff's  alleged  damages,
defendants  and  third-party  plaintiffs  have  been  subjected
to plaintiff's lawsuit.

SEVENTY-FOURTH:      That in the event plaintiff was caused to sustain any damages as set forth in her Summons and Complaint, any such damage was caused by the negligent behavior of these impleaded third-party defendants' and their failure to mitigate same, and consequently, these impleaded third-party defendants, jointly and severally, are responsible in whole or in part for such damages.

SEVENTY-FIFTH:      That as a result of the foregoing, defendants and third-party plaintiffs are entitled to indemnification and reimbursement for any and all sums recovered by plaintiff.

SEVENTY-SIXTH:      That by reason of the foregoing, these impleaded third-party defendants will be liable to defendants and third-party plaintiffs in the event and in the full amount of any recovery herein by plaintiff, or for that proportion thereof caused by the relative responsibility of these third-party defendants, jointly and severally, and these third-party defendants are bound to pay and any all sums, including attorney's fees, costs and disbursements.

WHEREFORE, defendants and third-party plaintiffs demand judgment against third party defendant, CAPITAL ONE BANK (USA), N.A., FORMERLY KNOWN AS NORTH FORK BANK, on the

first cause of action in a sum to be determined by the
trier of fact, but not less than any sums of monies
recovered by plaintiff, plus interest thereon; plus
reasonable attorney's fees, together with the costs and
disbursements of this action; on the second cause of action
against third-party defendants, SOUTH BROOKLYN LEGAL
SERVICES, INC., JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY,
EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON and JOHNSON
MCGUIRE TYLER A/K/A JOHNSON M. TYLER, jointly and
severally, in a sum to be determined by the trier of fact,
but not less than any sums of monies recovered by
plaintiff, plus interest thereon; plus reasonable
attorney's fees, together with the costs and disbursements
of this action; on the third cause of action against third-
party defendants, SOUTH BROOKLYN LEGAL SERVICES, INC., JOHN
CHIPMAN GRAY A/K/A JOHN C. GRAY, EDWARD JOSEPH JOSEPHSON
A/K/A EDWARD JOSEPHSON and JOHNSON MCGUIRE TYLER A/K/A
JOHNSON M. TYLER, jointly and severally, in a sum to be
determined by the trier of fact, but not less than any sums
of monies recovered by plaintiff, plus interest thereon;
plus reasonable attorney's fees, together with the costs
and disbursements of this action; and on the fourth cause
of action against third-party defendants, SOUTH BROOKLYN
LEGAL SERVICES, INC., JOHN CHIPMAN GRAY A/K/A JOHN C. GRAY,

EDWARD JOSEPH JOSEPHSON A/K/A EDWARD JOSEPHSON and JOHNSON MCGUIRE TYLER A/K/A JOHNSON M. TYLER, jointly and severally, in a sum to be determined by the trier of fact, but not less than any sums of monies recovered by plaintiff, plus interest thereon; plus reasonable attorney's fees, together with the costs and disbursements of this action.

                              DAVID J. GOLD, P.C.
                              (DJG-4912)
                              Attorney for Defendants/
                                 Third-Party Plaintiffs
                              Office & P.O. Address
                              116 John Street, Suite 3110
                              New York, New York 10038-3411
                              Tel.: (212) 962-2910
                              Fax:  (212) 962-2919
                              EMail: djgpcesq1@aol.com

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
| --- | --- | --- |

Diane Miceli

      Plaintiff,

**SUMMONS IN A CIVIL ACTION**

V.

DAVID J. GOLD, P.C, In His Capacity as
Attorney for Lincoln Financial Services and
Ashwood Financial, Inc. and
LINCOLN FINANCIAL SERVICES, INC.,
and ASHWOOD FINANCIAL INC.,

      Defendants.

CASE NUMBER:

MAR 2 5 2008

## 08  CV  2794

### JUDGE SULLIVAN

TO: (Name and address of Defendant)

DAVID J. GOLD, P.C,
116 John St., Suite 3110,
New York, NY 10038

LINCOLN FINANCIAL SERVICES, INC

6319-A S East Street
Indianapolis IN 46227

ASHWOOD FINANCIAL INC
6319-A S East Street
Indianapolis,IN 46227

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN C. GRAY, ESQ. (9872 JG)
SOUTH BROOKLYN LEGAL SERVICES
Edward Josephson (7815 EJJ)
Johnson M. Tyler (5429 JT)
Attorneys for Plaintiffs
105 Court Street
Brooklyn, N.Y. 11201
(718) 237-5500

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

MAR 1 7 2008

J. MICHAEL McMAHON

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

| *Check one box below to indicate appropriate method of service* |
|---|

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
              Date                  *Signature of Server*

                                 _____
                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

DIANE MICELI,

                    Plaintiff,

          -against-

                                        MAR 2 5 2008

DAVID J. GOLD, P.C,
in his capacity as an attorney for
the judgment creditor, Lincoln Financial Services, Inc.
and Ashwood Financial Inc., and
LINCOLN FINANCIAL SERVICES, INC., and
ASHWOOD FINANCIAL INC.,

                    Defendants.

————————————————————— x

**08 CV 2794**

Civil Action No.

*JUDGE SULLIVAN*

**COMPLAINT AND JURY
DEMAND,**



MAR 1 7 2008

U.S.D.C ...... N.Y.
**CASHIERS**

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages brought by an individual consumer

for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*,

which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices.

Plaintiff's only source of income is Social Security which is exempt from debt collection. 42

U.S.C. § 407(a). At the time of this action, Plaintiff also received child support payments on

behalf of her son, but these payments were the property of the son and were not collectable by the

defendant debt collectors. Defendant Gold, an attorney hired on behalf of defendant Lincoln

Financial Services, Inc., restrained and then executed upon (took) all the child support and

exempt Social Security payments from plaintiff's bank account. After losing this exempt

Page 1 of 17

income, plaintiff retained South Brooklyn Legal Services who sent proof to the defendants demonstrating that the taken moneys were child support belonging to the son and exempt Social Security payments. Despite such proof, the defendants refused to return the executed upon money unless the plaintiff entered into a payment plan whereby she paid $50 a month to satisfy the debt. Only by obtaining a state court order four months after the execution was plaintiff able to regain her exempt payments.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b) because the defendants transact business here, and some of the conduct complained of occurred here.

## PARTIES

4.    Plaintiff Diane Miceli is 50 years old and resides at 23 Sparrow Lane, Levittown, NY 11756 in the county of Nassau.

5.    Defendant DAVID J. GOLD, P.C, (Hereinafter "Gold") is a law firm located at 116 John St., Suite 3110, New York, NY 10038.

6.    Defendant Gold is a law firm engaged in the business of collecting debts, including debt purchased by debt buyers for pennies on the dollar, by filing civil collection lawsuits on behalf of its clients. Defendant Gold collects such debts regularly and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Indeed, Defendant Gold brought suit against an employee for allegedly damaging his reputation within the debt collection industry. In the Matter

of David J. Gold, 642 N.Y.S.2d 926 (App. Div. 2d Dept. 1996)(Censuring attorney Gold for his violations of disciplinary rules prohibiting conduct prejudicial to administration of justice and conduct that adversely reflects on lawyer's fitness to practice law.)

7.    Defendant LINCOLN FINANCIAL SERVICES, INC., is located at 6319-A S East Street, Indianapolis IN 46227 and is licensed to do business in New York.  It is controlled by, or owned by, or merged with Ashwood Financial Inc.  .

8.    Defendant ASHWOOD FINANCIAL, INC. (hereinafter "Ashwood") is located at 6319-A S East Street, Indianapolis IN 46227, and is licensed to do business in New York.

9.    Defendant Lincoln Financial and Ashwood Financial are debt buyers whose principal purpose is debt collection or who regularly collects debts for another.

10.    A debt buyer who tries to collect the debt it purchased is a debt collector within the meaning of the FDCPA. Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D.Ala.,1987) (Creditors "merely in the business of collecting stale debts rather than extending credit[] ... are no longer true creditors [exempted by the FDCPA] but [are] debt collectors who . . . fall within the group Congress intended the Act to cover.")


## STATUTORY FRAMEWORK
### The Fair Debt Collection Practices Act

11.    Congress enacted the Fair Debt Collection Practices Act ( FDCPA ) to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).

12.    To that end,  a "debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

13.    Nor may a debt collector "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

14.    A debt collector is further prohibited from using of any "false, deceptive, or misleading . . . means in connection with the collection of any debt." 15 U.S.C. § 1692e(10).

### Social Security and Child Support Payments

15.    The Social Security Administration ("SSA") administers the Social Security Disability program which pays monthly cash benefits to former wage earners who are disabled. 42 U.S.C. § 405 et seq. The overarching objective of the Social Security system is "the protection of its beneficiaries from some of the hardships of existence." United States v. Silk, 331 U.S. 704, 711 (1947).

16.    Congress protects Social Security payments from debt collection.  More specifically,  42 U.S.C. § 407(a) provides that "none of the moneys paid or payable . . . under this title shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ." Section 407(a) thus is designed to ensure that a Social Security recipient who is unable to support herself due to disability has "uninterrupted use of moneys received as benefits." Finberg v. Sullivan, 634 F.2d 50, 63 (3d Cir. 1980.)

17.    The exempt character of SSI and Social Security payments is not lost when the money is deposited into an account, or moved from one account to another. Philpott v. Essex County Welfare Board, 409 U.S. 413, 415 (1973).

18.     Child support payments are the property of the child, not the custodial parent, and cannot be used to satisfy the debt of the custodial parent. <u>Shipman v. City of New York Support Collection Unit</u>, 183 Misc.2d 478, 703 N.Y.S.2d 389, (Supreme Court, Bronx County, NY 2000.)

## NEW YORK STATE POST JUDGMENT COLLECTION PROCEDURES

19.     Article 52 of the N.Y. Civil Practices Law and Rules ("N.Y. CPLR") sets out the procedures creditors must use in attempting to collect money judgments.

20.     An attorney for the judgment creditor can discover assets of a judgment debtor by simultaneously serving an information subpoena with restraining notice upon a bank by personal service, regular mail or electronic format.   N.Y. CPLR §§ 5222, 5224.

21.     If a bank has assets of the debtor, it must restrain (freeze) the account and answer the information subpoena.  N.Y. CPLR §§ 5222(a) and 5224.

22.     The account of the debtor remains frozen (no checks or cash may be withdrawn) for one year unless one of three things happens. First, the creditor and debtor reach an agreement whereby the creditor releases the account conditionally (for partial, full or monthly payments) or unconditionally (e.g. because the account contains statutorily exempt moneys or moneys belonging to another.) Second, a court orders the rescission or modification of the restraining notice. N.Y. CPLR § 5222(b). Third, the creditor orders a Marshal or Sheriff to take the money from the bank account and deliver it to the creditor.  N.Y. CPLR §§ 5230 and 5233.  The later is called an "execution."  N.Y. CPLR §§ 5230) and 5232.

23.     The creditor must mail or personally deliver a copy of the restraining notice and a

"notice to judgment debtor" to the judgment debtor within four days of service of the restraining notice on the garnishee. N.Y. CPLR § 5222(d).

24.    The "notice to judgment debtor" advises the debtor that his or her funds have been restrained and that certain property, such as Social Security and child support, are exempt from debt collection efforts.  N.Y. CPLR § 5222(d) and (e).

25.    The "notice to judgment debtor" is designed to insure that the potentially exempt moneys are not taken. The "notice to judgment debtor" explains that if the debtor thinks his or her account contains any money that is exempt, the debtor may contact the attorney who issued the restraining notice, or Legal Aid.  N.Y. CPLR § 5222(e).  The notice further cites N.Y. CPLR §§ 5239 and 5240 as the statutory "procedure for determining a claim to an exemption."

26.    Sometimes the creditor knows where the debtor banks without having to use an information subpoena with restraining notice.  In such situations, the creditor may order the marshal or sheriff to execute upon (take the amount of the judgment from) the bank account without having to first restrain it.  In such situations, the creditor's lawyer is not required to send a "notice to judgment debtor" informing the debtor of her exemption rights.

27.    Rather, when the creditor's lawyer orders the execution of the bank account without having first restrained it, the Marshal or Sheriff, not the creditor, must advise the debtor of her exemption rights by sending a  5222(e) notice within four days of receipt of the execution. NY CPLR § 5232 ( c).

28.    In such situations, the creditor makes the Marshal or Sheriff aware of its obligation to serve the "notice to judgment debtor" by omitting a statement in his execution notice that the 5222(e) notice was previously served. NY CPLR § 5232( c).

## FACTS RELATED TO THIS ACTION

29.    Plaintiff Diane Miceli is 50 years old and lives with her 21 year old son, Vincent, who works as a delivery person for a pizza restaurant.

30.    Ms. Miceli worked for about 15 years as a legal secretary.  Around 1993 Ms. Miceli became disabled by Lupus and subsequently qualified for Social Security disability benefits.

31.    Ms. Miceli's only income is $936 in Social Security Disability benefits ($915 in 2007 when the events that gave rise to this action transpired.)

32.    Because her rent is quite high ($1500 a month), her son Vincent contributes a large portion of his weekly earnings (he earns about $300 a week)  towards rent and other household expenses (electricity, phone, food, etc.)

33.    Until late May 2007 when he turned 21, Vincent received $298 monthly in child support payments which he also contributed towards the household expenses.

34.    While working as a legal secretary in the early 1990's, Ms. Miceli obtained a credit card from Bank One and incurred bills.  After becoming disabled by Lupus in 1993 , her income was reduced significantly and she was unable to pay her Bank One credit card bill.

35.    Sometime thereafter, Bank One sold its debt to Lincoln Financial Services, a debt buyer.

36.    On December 19, 2000, Defendant Gold, on behalf of Defendant Lincoln Financial Services, sued Ms. Miceli for $8176.96 in the District Court of the County of Nassau, Second District, Hempstead Part under index #2342/01.

37.    On information and belief, the action was time barred by New York's six year

Page 7 of  17

statute of limitations. NY CPLR § 213.

38.    While Ms. Miceli received notice of the law suit, she did not respond as she was unaware that she had a statute of limitations defense.

39.    Judgment in favor of Defendant Lincoln Financial Services was entered by default on May 29, 2001.

40.    In an attempt to collect the judgment, Defendant Gold issued a restraining notice, dated March 14, 2007 on North Fork Bank. Consequently, Ms. Miceli's North Fork checking account was frozen on or about March 20, 2007.

41.    This was the account into which Diane Miceli's Social Security check and Vincent's child support payments were electronically deposited.

42.    These deposits are self identifying on bank statements as "NASSAU COUNTY CH SUP DEPT" and "US TREASURY 303 SOC SEC."

43.    At the time of the restraint (March 20, 2007), the account contained $176.78. Of that, $92.00 was electronically deposited child support payments made for the benefit of Vincent on March 15, 2007. The remaining $84.78 were earnings from the son, Vincent that was transferred on March 10, 2007 into Ms. Miceli's account so she could pay some household bills.

44.    Within four days of serving the restraining notice, Defendant Gold was required to mail or personally deliver to Ms. Miceli a copy of the restraining notice and a "Notice to Judgment Debtor" form advising her that Social Security and Child Support were exempt from debt collection and how to raise an exemption claim. N.Y. CPLR § 5222(d).

45.    Ms. Miceli never received such a notice.

46.    Rather, Ms. Miceli learned about the restraint from a North Fork Bank teller who

gave her the phone number for the Lincoln Financial's attorney, David J. Gold.

47.    In late March or early April, 2007, Ms. Miceli contacted Defendant Gold's office

by phone and explained that her only income was Social Security and child support payments on

behalf of her son. Defendant Gold agreed to release her account if Ms. Miceli's bank records

supported her assertion that the account was exempt. Ms. Miceli promptly sent Defendant Gold

her two most recent bank statements.

48.    After sending the bank records, Ms. Miceli left many messages with Defendant

Gold that were not returned.

49.    Because of the restraint, previously authorized electronic payments and written

checks were rejected. By April 18, Ms. Miceli had incurred $180 (check) in bank fees that were

deducted by North Fork from her frozen account.

50.    Although Ms. Miceli's account was frozen, preventing any withdrawals (other than

bank fees), it remained opened for deposits. Consequently, by April 18, 2007 a total of

$1263.00 in child support and Social Security payments were electronically deposited.

51.    As a result of the restraint, Ms. Miceli was unable to pay April's rent.

52.    Because Defendant Gold was not returning Ms. Miceli's phone calls, Ms. Miceli

followed the advice of Defendant Gold's secretary, and e-mailed him on April 20, 2007. In her

e-mail, Ms. Miceli complained that Defendant Gold had said he would release her funds 10 days

earlier, but to date had not. She further pleaded "I have a severe medical condition called SLE,

Lupus" and that holding her exempt money was illegal.

53.    On April 23, 2007, Defendant Gold responded in an email to Ms. Miceli. He stated

he had reviewed the paperwork that Ms. Miceli had forwarded but that it failed to prove that her

account was exempt from debt collection. He wrote that her exempt deposits were "commingled with other funds and it is impossible to determine exactly what is happening with the bank account." Consequently, Defendant Gold recommended that "we attempt to settle the matter with monthly payments and I will release the account once we have reached an agreement."

54.    By May 1, 2007, Ms. Miceli was able to stop direct deposit of her Social Security check into her frozen North Fork account.

55.    However, Ms. Miceli and her son Vincent were unable to change the child support payments to paper checks. Consequently, child support checks continued to be electronically deposited into the account every two weeks in April and May 2007.

56.    Having fallen behind in her rent, and needing access to her son's child support payments and her April Social Security payment, Ms. Miceli became desperate. On May 6, 2007, Ms. Miceli sent a conciliatory email message to Defendant Gold. "In light of the fact that I am medicated because of a few conditions I do not always think clearly. Therefore, I am willing to settle this matter with you on a payment plan. Would $50.00 per month be acceptable to you in this matter?"

57.    Defendant Gold responded with an email stating he was on vacation for a week and would respond to her offer when he returned.

58.    On May 16, 2007, Defendant Gold called Ms. Miceli and stated payment of $50.00 a month would be acceptable.

59.    Despite his oral agreement, Defendant Gold on or about May 18, 2007 filed a notice of execution, dated May 1, 2007 upon a New York City Marshal. The notice, accompanied by a $40.00 check dated May 18, 2007 payable to the Marshal, ordered the Marshal to "immediately"

take all the funds in Ms. Miceli's bank account as partial satisfaction of the judgment.

60.   In his notice of execution dated May 1, 2007, Defendant Gold failed to state that he had previously served the 5222(e) notice appraising Ms. Miceli of her exemption rights.

61.   By May 24, 2007, $1660 in exempt Social Security and child support payments had been electronically deposited into Ms. Miceli's restrained account following the March 20, 2007 freeze. No other money had been deposited. In addition, the bank had deducted $270 in bounced check fees during that same time.

62.   Because of the"First In, First Out"accounting rule, the $270 in bank fees was deducted first from the $176.78 balance that was restrained on March 20, 2007. 80 NY Jur NEGOTIABLE INSTRUMENTS AND OTHER COMMERCIAL PAPER § 243 ("What amounts to withdrawal of credit."); I-T-E Imperial Corporation-Empire Div. v. Bankers Trust Co., 73 A.D.2d 861 (1st Dep't 1980), aff'd, 51 N.Y.2d 811 ( New York 1980)("The rule in New York appears to be . . . a rule of first in, first out . . . so that the earliest withdrawal is deemed applicable to the earliest deposit.")

63.   Thus, North Fork's bank fees had consumed all of the original balance frozen by the plaintiff, leaving only exempt, direct deposit Social Security or Child support payments made after the restraint was imposed.

64.   In response to the execution notice, North Fork bank deducted on May 29, 2007 the entire contents of Ms. Miceli's bank account ($1566.78) all of which was Social Security or Child support payments that could not be collected by the creditor.

65.   Ms. Miceli learned of the Marshal's actions on or about June 1, 2007 when she received a "notice to judgment debtor" from the Marshal, dated May 21, 2007. The envelope

containing the notice was post-marked May 31, 2007.

66. The May 21, 2007 notice was sent in compliance with NY CPLR § 5232( c) which requires the Marshal to send this notice when the creditor's execution notice fails to indicate that it served the 5222(e) notice advising the debtor of his exemption rights.

67. Ms. Miceli called the Marshal the same day she received the notice seeking help in getting her exempt money back. The Marshal's office advised her that she needed to go to court in Hempstead to protect her money.

68. Ms. Miceli then made several calls to matrimonial and landlord lawyers she knew seeking representation. Eventually, she received a referral to the New York City bar association which referred her to South Brooklyn Legal Services whom she contacted on June 7, 2007.

69. On June 12, 2007, a summer intern at South Brooklyn Legal Services, Matthew Crawford, faxed banking records and a memorandum of law to Defendant Gold demonstrating that the $1566.78 consisted only of Social Security and child support payments, and thus was exempt from debt collection and should be returned. At this point, SBLS believed the account was restrained, while in fact it had been executed upon.

70. Despite frequent calls from SBLS Intern Crawford to Defendant Gold, the two had their first and only conversation on the matter on June 27, 2007. Defendant Gold stated he had reviewed the Crawford memo and bank documents, that a court could decide whether the account contained only exempt money, that he did not want to go to court on the matter, and that he would immediately release the account if Ms. Miceli entered a payment plan of $50.00 a month as she had offered before hand.

71. SBLS Intern Crawford responded that he believed the account had to be

unconditionally released. Defendant Gold suggested that SBLS ask Ms. Miceli if she was willing to enter into an agreement.

72.    On June 28, 2007, SBLS faxed a second letter to Defendant Gold rejecting the offer and reiterating Defendant Gold obligation to unconditionally release the account.

73.    Defendant Gold never responded to the June 28, 2007 letter.

74.    On June 28, 2007, the Marshal sent a check to Defendant Gold which constituted the proceeds of execution.

75.    Unaware that the account had been executed upon, on July 17, 2007, Johnson Tyler, an attorney at SBLS, left a message with Defendant Gold 's secretary and faxed a letter requesting again that Defendant Gold  unconditionally release the account.

76.    Having heard nothing from Defendant Gold, Ms. Miceli filed an order to show cause on July 30, 2007.  By this point, Ms. Miceli and her counsel had learned that the Defendants had actually taken the exempt moneys via the execution.

77.    Dan Bailey, the president of Defendant Lincoln Financial, filed an affidavit in opposition to this motion dated August 23, 2007.

78.    Dan Bailey is listed as the "principle Executive Office" who accepts New York Department of State service on behalf of Lincoln Financial and Ashwood Financial Inc.

79.    In its affidavit opposing the order to show cause, Defendant Lincoln Financial pointed to bounced check debits and credits following the restraint and disingenuously argued that the credits constituted new deposits from unknown sources.

80.    Defendant Lincoln Financial also argued that plaintiff had slept on her right to make an exemption claim.

81.    Following oral argument on August 29, 2007, the civil court issued a decision on October 9, 2007 in which it ordered the Defendants to return the executed moneys within ten days. Lincoln Financial Services, Inc., v. .Miceli, 17 Misc.3d 1109(A)(Nassau Ct Civ. Court 2007), 2007 WL 2917242.

82.    The court found "unequivocal proof" that "the moneys upon which the plaintiff executed are readily identifiable as exempt property" based on the bank records and accounting principles presented to the Defendants in June 2007. Id.

83.    The court further found that the Defendants had not complied with their obligation to issue a 5222(e) notice informing the debtor of her exemption rights, as constitutionally required. Id.

84.    Despite the civil court order that Ms. Miceli's exempt money be returned by October 19, 2007, the Defendants did not do so until December 20, 2007.

85.    As a direct result of Defendants' actions, Ms. Miceli suffered physical harm. Her lupus, which was stable prior to the restraint, worsened. She developed a facial rash, headaches and other lupus related symptoms. Her doctor responded by changing her medication to include a high dosage of prednisone. When that did not help, she was prepared for an experimental chemo-therapy in December 2007.

86.    As a direct result of Defendant's actions, plaintiff Miceli also suffered emotional distress.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

87.    Plaintiff repeats and re-alleges and incorporates by reference preceding paragraphs

Page 14 of 17

1 - 85.

88.    15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

89.    15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

90.    Defendants violated §§ 1692d and 1692f when they refused to release exempt money they had frozen pursuant to NY CPLR § 5222 unless the plaintiff entered into a payment plan.

91.    As a direct and proximate result of Defendants' violation, Plaintiff has sustained actual damages in an amount to be proved at trial.

**SECOND CLAIM FOR RELIEF**

92.    Plaintiff repeats and re-alleges and incorporates by reference preceding paragraphs 1 - 85.

93.    15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

94.    15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

95.    Defendants violated §§ 1692d and 1692f when they refused to return exempt money they had taken by execution unless the plaintiff entered into a payment plan.

96.    As a direct and proximate result of Defendants' violation, Plaintiff has sustained

actual damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

97.    Plaintiff repeats and re-alleges and incorporates by reference  paragraphs 1 - 85.

98.    15 U.S.C. § 1692e(10) prohibits a debt collector from using any "false, deceptive, or misleading . . . means in connection with the collection of any debt."

99.    NY CPLR 5222(d) requires the attorney for a judgment creditor to serve upon the judgment debtor within four days of service of a restraining notice a 5222(e) notice.  The notice advises the judgment debtor that Social Security, Child Support and other moneys are exempt from debt collection and the procedures for claiming the exemption.

100.    By failing to provide plaintiff with the requisite 5222(e) notice, Defendants violated 15 U.S.C. § 1692e(10) which prohibits a debt collector from using any "false, deceptive, or misleading . . . means in connection with the collection of any debt" and 15 U.S.C. § 1692f which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

101.    As a direct and proximate result of Defendants' violation, Plaintiff  has sustained actual damages in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF

102.    Plaintiff repeats and re-alleges and incorporates by reference preceding paragraphs 1 - 85.

103.    As enumerated above in paragraphs 43- 89, Defendants violated § 349 of the New York General Business Law by using deceptive acts and practices in the conduct of their

business.

104.    As a result of these violations of § 349 of the General Business Law, Plaintiff is

entitled to an injunction barring Defendants from engaging in the deceptive acts and practices,

and to recover for her actual damages and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court:

1.    Assume jurisdiction of this action;

2.    Declare that Defendants  actions violate 15 U.S.C. §§  1692d, 1692e, and 1692f and

New York General Business Law § 349.

3.    Enjoin Defendants from committing similar violations in the future;

5.    Award actual damages to the Plaintiff;

6.    Award statutory damages to the Plaintiff;.

7.    Award costs to the Plaintiff; and,

6.    Award such other and further relief that seems just and proper.


Dated: March 14, 2008

_____

JOHN C. GRAY, ESQ. (9872 JG)
SOUTH BROOKLYN LEGAL SERVICES
Edward Josephson (7815 EJJ)
Johnson M. Tyler (5429 JT)
Attorneys for Plaintiffs
105 Court Street
Brooklyn, N.Y.  11201
(718) 237-5500


Page 17 of  17

PLEASE take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

Dated:

NOTICE OF ENTRY

Yours, etc.

**JOHN C. GRAY**

*Office and Post Office Address*
South Brooklyn Legal Services, Inc.
105 Court Street, Brooklyn, N.Y. 11201

*Attorney(s) for*

To

---

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on

Dated:

NOTICE OF SETTLEMENT

Yours, etc.

**JOHN C. GRAY**

*Office and Post Office Address*
South Brooklyn Legal Services, Inc.
105 Court Street, Brooklyn, N.Y. 11201

*Attorney(s) for*

To

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.                    Year

DIANE MICELI

Plaintiff

—against—

DAVID J. GOLD, P.C.,
in his capacity as an attorney for
the judgment creditor Lincoln Financial Services, Inc.,
and Ashwood Financial, Inc. and
LINCOLN FINANCIAL SERVICES, INC., and
ASHWOOD FINANCIAL, INC.,

Defendants.

## COMPLAINT AND JURY DEMAND

Signature (Rule 130-1.1a)

Print name beneath **JOHNSON TYLER, ESQ.**, Of Counsel

*Attorney for*

**JOHN C. GRAY**

*Office and Post Office Address, Telephone*
South Brooklyn Legal Services, Inc.
105 Court Street, Brooklyn, N.Y. 11201
(718) 237-5500
(718) 855-0733

To

*Attorney(s) for*

Dated

Service of a copy of the within is hereby admitted

Dated

*Attorney(s) for*

UNITED STATES DISTRICT COURT                    DJGPC FILE
SOUTHERN DISTRICT OF NEW YORK                   NO.: 1104129
----------------------------------X

DIANE MICELI,                                   Case No.
                                                08 CV 2794 (RJS)
                    Plaintiff,

          -against-

DAVID J. GOLD, P.C., IN HIS
CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD
FINANCIAL, INC. and LINCOLN
FINANCIAL SERVICES, INC. and
ASHWOOD FINANCIAL INC.,

                    Defendants.

                                                **ANSWER AND**
----------------------------------X             **COUNTERCLAIMS**

          Defendants, DAVID J. GOLD, P.C., IN HIS CAPACITY AS

ATTORNEY   FOR   LINCOLN   FINANCIAL   SERVICES   AND   ASHWOOD

FINANCIAL,   INC.  and  LINCOLN  FINANCIAL  SERVICES,  INC.  and

ASHWOOD  FINANCIAL  INC.,  by  DAVID  J.  GOLD,  P.C.,  their

attorney,  as  and  for  their  Answer  and  Counterclaims  to

plaintiff's  Summons  in  a  Civil  Action  and  Complaint  and

Jury Demand, alleges as follows:


          **FIRST**:          With respect to paragraph marked "1" of

plaintiff's Complaint and Jury Demand, defendants deny the

allegations set forth therein.

SECOND:        With respect to paragraph marked "2" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

THIRD:        With respect to paragraph marked "3" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

FOURTH:        With respect to paragraph marked "4" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

FIFTH:        With respect to paragraph marked "5" of plaintiff's Complaint and Jury Demand, defendants admit the allegation set forth therein.

SIXTH:        With respect to paragraph marked "6" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and will move the Court to strike all allegations which are wholly irrelevant to the pending litigation.

SEVENTH:        With respect to paragraph marked "7" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

EIGHTH:        With respect to paragraph marked "8" of plaintiff's Complaint and Jury Demand, defendants deny

knowledge or information sufficient to form a belief as to the allegations set forth therein.

NINTH:        With respect to paragraph marked "9" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

TENTH:        With respect to paragraph marked "10" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

ELEVENTH:        With respect to paragraph marked "11" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWELFTH:        With respect to paragraph marked "12" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

THIRTEENTH:        With respect to paragraph marked "13" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

FOURTEENTH:        With respect to paragraph marked "14" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

FIFTEENTH:        With respect to paragraph marked "15" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

SIXTEENTH:        With respect to paragraph marked "16" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

SEVENTEENTH:        With respect to paragraph marked "17" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

EIGHTEENTH:        With respect to paragraph marked "18" of plaintiff's Complaint and Jury Demand, defendants

deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

NINETEENTH:        With respect to paragraph marked "19" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWENTIETH:        With respect to paragraph marked "20" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWENTY-FIRST:        With respect to paragraph marked "21" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWENTY-SECOND:        With respect to paragraph marked "22" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-THIRD**:        With respect to paragraph marked "23" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-FOURTH**:        With respect to paragraph marked "24" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-FIFTH**:        With respect to paragraph marked "25" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-SIXTH**:        With respect to paragraph marked "26" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-SEVENTH**:        With respect to paragraph marked "27" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and

respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWENTY-EIGHTH:     With respect to paragraph marked "28" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

TWENTY-NINTH:     With respect to paragraph marked "29" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTIETH:     With respect to paragraph marked "30" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-FIRST:     With respect to paragraph marked "31" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-SECOND:     With respect to paragraph marked "32" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-THIRD:          With respect to paragraph marked "33" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-FOURTH:          With respect to paragraph marked "34" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-FIFTH:          With respect to paragraph marked "35" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

THIRTY-SIXTH:          With respect to paragraph marked "36" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

THIRTY-SEVENTH:          With respect to paragraph marked "37" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

THIRTY-EIGHTH:          With respect to paragraph marked "38" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

THIRTY-NINTH:        With respect to paragraph marked "39" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTIETH:        With respect to paragraph marked "40" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-FIRST:        With respect to paragraph marked "41" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-SECOND:        With respect to paragraph marked "42" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-THIRD:        With respect to paragraph marked "43" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refers this Court to all prior proceedings had between the parties herein.

FORTY-FOURTH:        With respect to paragraph marked "44" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-FIFTH:        With respect to paragraph marked "45" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-SIXTH:        With respect to paragraph marked "46" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-SEVENTH:        With respect to paragraph marked "47" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-EIGHTH:        With respect to paragraph marked "48" of plaintiff's Complaint and Jury Demand, defendants

10

deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FORTY-NINTH:        With respect to paragraph marked "49" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTIETH:        With respect to paragraph marked "50" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-FIRST:        With respect to paragraph marked "51" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-SECOND:        With respect to paragraph marked "52" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-THIRD:        With respect to paragraph marked "53" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-FOURTH:        With respect to paragraph marked "54" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-FIFTH:        With respect to paragraph marked "55" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-SIXTH:        With respect to paragraph marked "56" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-SEVENTH:        With respect to paragraph marked "57" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refers this Court to all prior proceedings had between the parties herein.

FIFTY-EIGHTH:    With respect to paragraph marked "58" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

FIFTY-NINTH:    With respect to paragraph marked "59" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTIETH:    With respect to paragraph marked "60" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-FIRST:    With respect to paragraph marked "61" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-SECOND:    With respect to paragraph marked "62" of plaintiff's Complaint and Jury Demand,

defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-THIRD:        With respect to paragraph marked "63" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-FOURTH:        With respect to paragraph marked "64" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-FIFTH:        With respect to paragraph marked "65" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-SIXTH:        With respect to paragraph marked "66" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-SEVENTH:      With respect to paragraph marked "67" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-EIGHTH:      With respect to paragraph marked "68" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-NINTH:      With respect to paragraph marked "69" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTIETH:      With respect to paragraph marked "70" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-FIRST:      With respect to paragraph marked "71" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refers this Court to all prior proceedings had between the parties herein.

SEVENTY-SECOND: With respect to paragraph marked "72" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-THIRD: With respect to paragraph marked "73" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-FOURTH: With respect to paragraph marked "74" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-FIFTH: With respect to paragraph marked "75" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-SIXTH: With respect to paragraph marked "76" of plaintiff's Complaint and Jury Demand,

defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-SEVENTH: With respect to paragraph marked "77" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-EIGHTH: With respect to paragraph marked "78" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SEVENTY-NINTH: With respect to paragraph marked "79" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

EIGHTIETH: With respect to paragraph marked "80" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

17

EIGHTY-FIRST:        With respect to paragraph marked "81" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

EIGHTY-SECOND:        With respect to paragraph marked "82" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

EIGHTY-THIRD:        With respect to paragraph marked "83" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

EIGHTY-FOURTH:        With respect to paragraph marked "84" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

EIGHTY-FIFTH:        With respect to paragraph marked "85" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refers this Court to all prior proceedings had between the parties herein.

EIGHTY-SIXTH:                     With respect to paragraph marked "86" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

### ANSWERING THE FIRST CLAIM FOR RELIEF

EIGHTY-SEVENTH:                   With respect to paragraph marked "87" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

EIGHTY-EIGHTH:                    With respect to paragraph marked "88" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

EIGHTY-NINTH:                     With respect to paragraph marked "89" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETIETH:                        With respect to paragraph marked "90" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETY-FIRST:            With  respect  to  paragraph marked "91" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.


### ANSWERING THE SECOND CLAIM FOR RELIEF


NINETY-SECOND:            With  respect  to  paragraph marked "92" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETY-THIRD:            With  respect  to  paragraph marked "93" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETY-FOURTH:            With  respect  to  paragraph marked "94" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETY-FIFTH:            With  respect  to  paragraph marked "95" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

NINETY-SIXTH:            With  respect  to  paragraph marked "96" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

## *ANSWERING THE THIRD CLAIM FOR RELIEF*

      <u>NINETY-SEVENTH</u>:              With       respect       to paragraph marked "97" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

      <u>NINETY-EIGHTH</u>:          With   respect   to   paragraph marked "98" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

      <u>NINETY-NINTH</u>:          With   respect   to   paragraph marked "99" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

      <u>ONE-HUNDREDTH</u>:         With   respect   to   paragraph marked "100" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

      <u>ONE-HUNDRED-FIRST</u>:       With      respect      to paragraph marked "101" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

## *ANSWERING THE FOURTH CLAIM FOR RELIEF*

      <u>ONE-HUNDRED-SECOND</u>:       With      respect      to paragraph marked "102" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

ONE-HUNDRED-THIRD:          With    respect    to paragraph marked "103" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

ONE-HUNDRED-FOURTH:        With    respect    to paragraph marked "104" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

ONE-HUNDRED-FIFTH:       Plaintiff's   Complaint and Jury Demand fails to sufficiently state a cause of action against defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

ONE-HUNDRED-SIXTH:       Statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

ONE-HUNDRED-SEVENTH:      Lack of subject matter jurisdiction.

*AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:*

ONE-HUNDRED-EIGHTH:                Improper forum/venue.

*AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:*

ONE-HUNDRED-NINTH:            Failure   to   name   an
indispensible party.

*AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:*

ONE-HUNDRED-TENTH:            Prior action pending.

*AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:*

ONE-HUNDRED-ELEVENTH:        Improper          party
defendants.

*AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:*

ONE-HUNDRED-TWELFTH:            Any   damages   allegedly
sustained by plaintiff were as a result of either plaintiff
or  plaintiff's  counsel  contributory  negligence  in  not

23

acting promptly after notice from plaintiff's financial institution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

ONE-HUNDRED-THIRTEENTH:    Laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

ONE-HUNDRED-FOURTEENTH:    Estoppel.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

ONE-HUNDRED-FIFTEENTH:    Waiver.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

ONE-HUNDRED-SIXTEENTH:    Unclean hands.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF A FIRST COUNTERCLAIM:

ONE-HUNDRED-SEVENTEENTH:    That plaintiff has instituted this lawsuit against defendants as a means of harassment and in retaliation for defendants' attempts to collect the underlying judgment to which plaintiff has readily admitted owing.

**ONE-HUNDRED-EIGHTEENTH**:          That as a result of the foregoing, defendants have been damaged in a sum to be determined by the trier of fact, but not less than $ 100,000.00.

*AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE*
*AND BY WAY OF A SECOND COUNTERCLAIM:*

**ONE-HUNDRED-NINETEENTH**:          That as a result of plaintiff's litigation herein, defendant, David J. Gold, P.C., may have lost a client and lost substantial income.

**ONE-HUNDRED-TWENTIETH**:          That as a result of the foregoing, defendants have been damaged in a sum to be determined by the trier of fact, but not less than $ 500,000.00.

WHEREFORE, defendants, DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. and LINCOLN FINANCIAL SERVICES, INC. and ASHWOOD FINANCIAL INC., demand judgment dismissing plaintiff's Summons in a Civil Action and Complaint and Jury Demand, and on their first counterclaim, in a sum to be determined by the trier of fact, but not less than $ 100,000.00, and on their second counterclaim, in a sum to be determined by the trier of fact, but not less than

$ 500,000.00, together with the costs, disbursements and attorney's fees in defending this action, and for such other and further relief as the Court may deem just and proper.

Yours, etc.,

_____
DAVID J. GOLD, P.C.
(DJG 4912)
Attorney for Defendants
Office and P.O. Address
116 John Street, Suite 3110
New York, New York 10038-3411
Tel.: (212) 962-2910
Fax:  (212) 962-2919
EMail: djgpcesq1@aol.com

TO:   JOHN C. GRAY, ESQ.
      South Brooklyn Legal
        Services, Inc.
      Attorneys for Plaintiff
      Office and P.O. Address
      105 Court Street
      Brooklyn, New York 11201
      Tel.: (718) 237-5500
      Fax:  (718) 855-0733

<u>*AFFIDAVIT OF SERVICE*</u>

STATE OF NEW YORK            )

COUNTY OF NEW YORK           ) ss.:

  LOUISE SAUER, being duly sworn, deposes and says:

  I reside in New York, New York.

  I am over the age of 18 years and am not a party to the within action.

  On Tuesday, April 29, 2008, I served the annexed:

*ANSWER AND COUNTERCLAIMS*

upon JOHN C. GRAY, ESQ. - SOUTH BROOKLYN LEGAL SERVICES, INC., the persons named therein as the attorneys for the named plaintiff, in the following manner:

  By mailing the same in a sealed envelope with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, via regular mail, addressed to the last known address of the addressee(s) as indicated below (the address designated by said party as his/her address):

105 Court Street
New York, New York  11201

Sworn to before me this
Tuesday, April 29, 2008.

_____
NOTARY PUBLIC
DAVID J. GOLD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 31-4872791
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 9/15/2010

LOUISE SAUER

DAVID J. GOLD, P.C.

CASE NO.:            08 CV 2794 (RJS)
CALENDAR NO.:
DJGPC FILE NO.:      1104129


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

DIANE MICELI,

                                               PLAINTIFF,


        -AGAINST-

DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. AND LINCOLN
FINANCIAL SERVICES, INC. AND ASHWOOD FINANCIAL INC.,

                                               DEFENDANTS.

================================================================

*ANSWER AND COUNTERCLAIMS*

================================================================

Pursuant TO 22 NYCRR 130-1.1, the undersigned, an attorney admitted to

practice in the courts of New York State certifies that, upon information

and belief and reasonable inquiry, the contentions contained in the annexed

document are not frivolous.

                DAVID J. GOLD, P.C. (DG-4912)
                ATTORNEY FOR DEFENDANTS
           OFFICE & P.O. ADDRESS, TELEPHONE
              116 JOHN STREET, SUITE 3110
              NEW YORK, NEW YORK 10038-3411
                TEL.: (212) 962-2910
                FAX:  (212) 962-2919
              E-MAIL: DJGPCESQ1@AOL.COM

## CORPORATE VERIFICATION

STATE OF NEW YORK          )

COUNTY OF NEW YORK         )    ss.:

I, DAVID J. GOLD, being duly sworn, depose and say: I am the President of DAVID J. GOLD, P.C., a professional corporation and a party in the within action;  I have read the foregoing THIRD-PARTY COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Books and records maintained by the corporation in the regular course of its business.

DAVID J. GOLD, P.C.

by: DAVID J. GOLD,
President

Sworn to before me this
08th day of May, 2008.

NOTARY PUBLIC
LOUISE E. SAUER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SA6094840, QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 06/30/2011

22

DAVID J. GOLD, P.C.

CASE NO.:            08 CV 2794 (RJS)
CALENDAR NO.:
DJGPC FILE NO.:      1104129

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

DIANE MICELI,

                                        PLAINTIFF,

            -AGAINST-

DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. AND LINCOLN
FINANCIAL SERVICES, INC. AND ASHWOOD FINANCIAL INC.,

                                        DEFENDANTS.

================================================================

            *THIRD-PARTY SUMMONS AND THIRD PARTY COMPLAINT*

================================================================

    Pursuant TO 22 NYCRR 130-1.1, the undersigned, an attorney admitted to

practice in the courts of New York State certifies that, upon information

and belief and reasonable inquiry, the contentions contained in the annexed

document are not frivolous.

                        _____
                        DAVID J. GOLD, P.C. (DG-4912)
            ATTORNEY FOR DEFENDANTS AND THIRD-PARTY PLAINTIFFS
                    OFFICE & P.O. ADDRESS, TELEPHONE
                    116 JOHN STREET, SUITE 3110
                    NEW YORK, NEW YORK 10038-3411
                        TEL.: (212) 962-2910
                        FAX:  (212) 962-2919
                    E-MAIL: DJGPCESQ1@AOL.COM