UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

DJGPC FILE
NO.: 1104129

DIANE MICELI,

Case No.
08 CV 2794 (RJS)

        Plaintiff,

    -against-

DAVID J. GOLD, P.C., IN HIS
CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD
FINANCIAL, INC. and LINCOLN
FINANCIAL SERVICES, INC. and
ASHWOOD FINANCIAL INC.,

               Defendants.

---------------------------------X

AMENDED
ANSWER AND
COUNTERCLAIMS

    Defendants, DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. and LINCOLN FINANCIAL SERVICES, INC. and ASHWOOD FINANCIAL INC., by DAVID J. GOLD, P.C., their attorney, as and for their Amended Answer and Counterclaims to plaintiff's Summons in a Civil Action and Complaint and Jury Demand, alleges as follows:

    FIRST:        With respect to paragraph marked "1" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**SECOND**:    With respect to paragraph marked "2" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**THIRD**:    With respect to paragraph marked "3" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**FOURTH**:    With respect to paragraph marked "4" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**FIFTH**:    With respect to paragraph marked "5" of plaintiff's Complaint and Jury Demand, defendants admit the allegation set forth therein.

**SIXTH**:    With respect to paragraph marked "6" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and will move the Court to strike all allegations which are wholly irrelevant to the pending litigation.

**SEVENTH**:    With respect to paragraph marked "7" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**EIGHTH**:    With respect to paragraph marked "8" of plaintiff's Complaint and Jury Demand, defendants deny

knowledge or information sufficient to form a belief as to the allegations set forth therein.

**NINTH:**            With respect to paragraph marked "9" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**TENTH:**            With respect to paragraph marked "10" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**ELEVENTH:**            With respect to paragraph marked "11" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWELFTH:**            With respect to paragraph marked "12" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**THIRTEENTH:**            With respect to paragraph marked "13" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

3

refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**FOURTEENTH:**          With respect to paragraph marked "14" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**FIFTEENTH:**          With respect to paragraph marked "15" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**SIXTEENTH:**          With respect to paragraph marked "16" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**SEVENTEENTH:**          With respect to paragraph marked "17" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**EIGHTEENTH:**          With respect to paragraph marked "18" of plaintiff's Complaint and Jury Demand, defendants

deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**NINETEENTH:**         With respect to paragraph marked "19" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTIETH:**         With respect to paragraph marked "20" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-FIRST:**         With respect to paragraph marked "21" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-SECOND:**         With respect to paragraph marked "22" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-THIRD**: With respect to paragraph marked "23" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-FOURTH**: With respect to paragraph marked "24" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-FIFTH**: With respect to paragraph marked "25" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-SIXTH**: With respect to paragraph marked "26" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-SEVENTH**: With respect to paragraph marked "27" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and

respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-EIGHTH:**     With respect to paragraph marked "28" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refer the Court to all relevant statutes regarding their meaning and the legal effects thereof.

**TWENTY-NINTH:**     With respect to paragraph marked "29" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTIETH:**     With respect to paragraph marked "30" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-FIRST:**     With respect to paragraph marked "31" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-SECOND:**     With respect to paragraph marked "32" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-THIRD**:          With respect to paragraph marked "33" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-FOURTH**:          With respect to paragraph marked "34" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-FIFTH**:          With respect to paragraph marked "35" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein.

**THIRTY-SIXTH**:          With respect to paragraph marked "36" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**THIRTY-SEVENTH**:          With respect to paragraph marked "37" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**THIRTY-EIGHTH**:          With respect to paragraph marked "38" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**THIRTY-NINTH:** With respect to paragraph marked "39" of plaintiff's Complaint and Jury Demand, defendants deny knowledge or information sufficient to form a belief as to the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTIETH:** With respect to paragraph marked "40" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-FIRST:** With respect to paragraph marked "41" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-SECOND:** With respect to paragraph marked "42" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-THIRD:** With respect to paragraph marked "43" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refers this Court to all prior proceedings had between the parties herein.

**FORTY-FOURTH**: With respect to paragraph marked "44" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-FIFTH**: With respect to paragraph marked "45" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-SIXTH**: With respect to paragraph marked "46" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-SEVENTH**: With respect to paragraph marked "47" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-EIGHTH**: With respect to paragraph marked "48" of plaintiff's Complaint and Jury Demand, defendants

deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FORTY-NINTH:**        With respect to paragraph marked "49" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTIETH:**        With respect to paragraph marked "50" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-FIRST:**        With respect to paragraph marked "51" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-SECOND:**        With respect to paragraph marked "52" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-THIRD**:            With  respect  to  paragraph  marked "53" of plaintiff's Complaint and Jury Demand, defendants deny  the  allegations  set  forth  therein  and  respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-FOURTH**:            With  respect  to  paragraph  marked "54" of plaintiff's Complaint and Jury Demand, defendants deny  the  allegations  set  forth  therein  and  respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-FIFTH**:            With  respect  to  paragraph  marked "55" of plaintiff's Complaint and Jury Demand, defendants deny  the  allegations  set  forth  therein  and  respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-SIXTH**:            With   respect   to   paragraph marked  "56"  of  plaintiff's  Complaint  and  Jury  Demand, defendants  deny  the  allegations  set  forth  therein  and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-SEVENTH**:            With  respect  to  paragraph  marked "57" of plaintiff's Complaint and Jury Demand, defendants deny  the  allegations  set  forth  therein  and  respectfully

refs this Court to all prior proceedings had between the parties herein.

**FIFTY-EIGHTH:**       With respect to paragraph marked "58" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**FIFTY-NINTH:**       With respect to paragraph marked "59" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTIETH:**       With respect to paragraph marked "60" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTY-FIRST:**       With respect to paragraph marked "61" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTY-SECOND:**       With respect to paragraph marked "62" of plaintiff's Complaint and Jury Demand,

13

defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-THIRD:        With respect to paragraph marked "63" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-FOURTH:        With respect to paragraph marked "64" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-FIFTH:        With respect to paragraph marked "65" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

SIXTY-SIXTH:        With respect to paragraph marked "66" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTY-SEVENTH:** With respect to paragraph marked "67" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTY-EIGHTH:** With respect to paragraph marked "68" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SIXTY-NINTH:** With respect to paragraph marked "69" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTIETH:** With respect to paragraph marked "70" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-FIRST:** With respect to paragraph marked "71" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

refs this Court to all prior proceedings had between the parties herein.

**SEVENTY-SECOND:** With respect to paragraph marked "72" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-THIRD:** With respect to paragraph marked "73" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-FOURTH:** With respect to paragraph marked "74" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-FIFTH:** With respect to paragraph marked "75" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-SIXTH:** With respect to paragraph marked "76" of plaintiff's Complaint and Jury Demand,

defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-SEVENTH:**                      With       respect       to paragraph marked "77" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-EIGHTH:**              With    respect    to    paragraph marked "78" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**SEVENTY-NINTH:**        With respect to paragraph marked "79" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTIETH:**              With respect to paragraph marked "80" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTY-FIRST:** With respect to paragraph marked "81" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTY-SECOND:** With respect to paragraph marked "82" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTY-THIRD:** With respect to paragraph marked "83" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTY-FOURTH:** With respect to paragraph marked "84" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.

**EIGHTY-FIFTH:** With respect to paragraph marked "85" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully

**refs this Court to all prior proceedings had between the parties herein.**

**EIGHTY-SIXTH:** **With respect to paragraph marked "86" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein and respectfully refers this Court to all prior proceedings had between the parties herein.**

### *ANSWERING THE FIRST CLAIM FOR RELIEF*

**EIGHTY-SEVENTH:** **With respect to paragraph marked "87" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.**

**EIGHTY-EIGHTH:** **With respect to paragraph marked "88" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.**

**EIGHTY-NINTH:** **With respect to paragraph marked "89" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.**

**NINETIETH:** **With respect to paragraph marked "90" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.**

**NINETY-FIRST**:                With   respect   to   paragraph
marked "91" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

### *ANSWERING THE SECOND CLAIM FOR RELIEF*

**NINETY-SECOND**:                With   respect   to   paragraph
marked "92" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

**NINETY-THIRD**:                With   respect   to   paragraph
marked "93" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

**NINETY-FOURTH**:                With   respect   to   paragraph
marked "94" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

**NINETY-FIFTH**:                With   respect   to   paragraph
marked "95" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

**NINETY-SIXTH**:                With   respect   to   paragraph
marked "96" of plaintiff's Complaint and Jury Demand,
defendants deny the allegations set forth therein.

### ANSWERING THE THIRD CLAIM FOR RELIEF

**NINETY-SEVENTH:** With respect to paragraph marked "97" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**NINETY-EIGHTH:** With respect to paragraph marked "98" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**NINETY-NINTH:** With respect to paragraph marked "99" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**ONE-HUNDREDTH:** With respect to paragraph marked "100" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**ONE-HUNDRED-FIRST:** With respect to paragraph marked "101" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

### ANSWERING THE FOURTH CLAIM FOR RELIEF

**ONE-HUNDRED-SECOND:** With respect to paragraph marked "102" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**ONE-HUNDRED-THIRD:** With respect to paragraph marked "103" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

**ONE-HUNDRED-FOURTH:** With respect to paragraph marked "104" of plaintiff's Complaint and Jury Demand, defendants deny the allegations set forth therein.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FIFTH:** That heretofore and on or about the 29th day of May, 2001, defendants obtained a judgment against plaintiff in the sum of $ 9,125.54.

**ONE-HUNDRED-SIXTH:** That thereafter, defendants commenced enforcement proceedings against plaintiff in an attempt to satisfy said judgment.

**ONE-HUNDRED-SEVENTH:** That heretofore and on or about the 14th day of March, 2007, defendants, through asset tracing, discovered a bank account in plaintiff's name.

**ONE-HUNDRED-EIGHTH:** That as a result thereof, and heretofore and on or about the 14th day of March, 2007, defendants served a Restraining Notice, Information Subpoena and Questions and Answers upon plaintiff's

financial institution requesting information and the restraint of plaintiff's bank account.

**ONE-HUNDRED-NINTH:**       That upon receipt of said Restraining Notice, Information Subpoena and Questions and Answers, plaintiff's financial institution restrained plaintiff's bank account.

**ONE-HUNDRED-TENTH:**       That upon notice that her bank account was restrained, plaintiff contacted defendants and advised defendants that the account contained co-mingled funds consisting of both exempt and nonexempt funds.

**ONE-HUNDRED-ELEVENTH:**    That based upon plaintiff's representations that the account contained co-mingled funds consisting of both exempt and nonexempt funds, defendants continued the restraint on plaintiff's bank account.

**ONE-HUNDRED-TWELFTH:**     That plaintiff failed and refused to apply to any Court of competent jurisdiction for a stay of the defendants' legal post-judgment enforcement proceedings.

**ONE-HUNDRED-THIRTEENTH:**       That defendants then proceeded through the proper legal steps to levy plaintiff's bank account to satisfy said judgment based on both the information received from plaintiff that the account contained co-mingled funds consisting of both

23

exempt and nonexempt funds and that plaintiff had blatantly failed to apply to any Court of competent jurisdiction for relief from the restraint on her account.

ONE-HUNDRED-FOURTEENTH:        That    in    the    event plaintiff was caused to sustain any damages as set forth in her Complaint and Jury Demand, which defendants expressly deny, any such damage was caused by the bona fide error of defendants in relying on plaintiff's statements that the account contained co-mingled funds consisting of both exempt and nonexempt funds which were not exempt from garnishment.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

ONE-HUNDRED-FIFTEENTH:        That defendants repeat, reiterate and reallege each and every allegation as set forth in paragraphs marked "FIRST" through "ONE-HUNDRED-FOURTEENTH" of defendants' Amended Answer as if same were more fully set forth herein at length.

ONE-HUNDRED-SIXTEENTH:        That heretofore and on or about the 20th day of March, 2007, the 22nd day of March, 2007 and the 26th day of March, 2007, and during the months of April, 2007 and May, 2007, plaintiff contacted

defendants concerning the Restraining Notice upon her account.

ONE-HUNDRED-SEVENTEENTH: That during all communications with plaintiff, defendants advised plaintiff that co-mingled funds consisting of both exempt and nonexempt funds were not exempt from garnishment.

ONE-HUNDRED-EIGHTEENTH: That despite plaintiff's failure to apply to any Court of competent jurisdiction for a stay of execution, defendants did not immediately execute upon said account and attempted to reach a settlement with plaintiff.

ONE-HUNDRED-NINETEENTH: That finally after two months of negotiations and plaintiff's failure to obtain a stay of execution from any Court of competent jurisdiction, defendants sent a Property Execution with Notice to Garnishee to New York City Marshal Martin Beinstock with instructions to levy upon plaintiff's restrained bank account.

ONE-HUNDRED-TWENTIETH: That, upon information and belief, heretofore and on or about the 21st day of May, 2007, plaintiff contacted Marshal Beinstock's office regarding the Property Execution.

ONE-HUNDRED-TWENTY-FIRST: That upon information and belief, heretofore and on or about the 21st

day of May, 2007, Marshal Bienstock's office advised plaintiff that she needed to apply to a Court of competent jurisdiction for a stay of execution to protect her legal rights.

**ONE-HUNDRED-TWENTY-SECOND:**       That heretofore and on or about the 08th day of June, 2007, plaintiff finally obtained legal counsel in this matter.

**ONE-HUNDRED-TWENTY-THIRD:**       That       shortly thereafter, defendants forwarded all requested information concerning the underlying judgment and Restraining Notice and Property Execution to plaintiff's counsel.

**ONE-HUNDRED-TWENTY-FOURTH:**       That heretofore and from on or about the 08th day of June, 2007, to on or about the 15th day of August, 2007, defendants repeatedly advised plaintiff and plaintiff's counsel that they were informed that the account contained co-mingled funds consisting of both exempt and nonexempt funds and that same would not be released without a Court determination as to the status of the funds in said account.

**ONE-HUNDRED-TWENTY-FIFTH:**       That   during   said period of time, plaintiff did not attempt to protect her rights and did not apply to any Court of competent jurisdiction for a stay of said Restraining Notice and

**Property Execution even though she was fully apprised of the existence of same and defendants' position thereon.**

**ONE-HUNDRED-TWENTY-SIXTH:** **That it wasn't until on or about the 15th day of August, 2007, that plaintiff finally applied to a Court of competent jurisdiction for relief and requested a determination regarding the status of the funds contained in her bank account.**

**ONE-HUNDRED-TWENTY-SEVENTH::** **That heretofore and on or about the 09th day of October, 2007, Judge Andrew M. Engel, by Decision and Order, directed that the garnished funds be returned to plaintiff.**

**ONE-HUNDRED-TWENTY-EIGHTH:** **That shortly thereafter, defendants returned said funds to plaintiff.**

**ONE-HUNDRED-TWENTY-NINTH:** **That plaintiff's allegation that she suffered physical and emotional harm due to the lengthy period of time between the service of the initial Restraining Notice (in or about March, 2007), and the return of her garnished funds (in or about December, 2007) is improper.**

**ONE-HUNDRED-THIRTIETH:** **That, upon information and belief, after the restraint of plaintiff's bank account in March, 2007, plaintiff was advised through various Notices to Garnishee, by the Marshal, and by her own**

counsel as to the proper procedure for disputing the restraint of her account.

**ONE-HUNDRED-THIRTY-FIRST:** That plaintiff knew, or should have known, that the proper procedure to protect her rights was to immediately apply to any Court of competent jurisdiction for a stay of the Restraining Notice, Execution and enforcement of the underlying judgment especially since plaintiff is, upon information and belief, a legal secretary and perhaps a paralegal.

**ONE-HUNDRED-THIRTY-SECOND:** That instead of protecting her rights, plaintiff waited for over five months before applying to any Court of competent jurisdiction for a stay of enforcement.

**ONE-HUNDRED-THIRTY-THIRD:** That had plaintiff taken efforts to protect her rights as so advised, plaintiff's funds would not have been levied.

**ONE-HUNDRED-THIRTY-FOURTH:** That had plaintiff acted in a reasonable manner, plaintiff would not have sustained any alleged physical and emotional harm.

**ONE-HUNDRED-THIRTY-FIFTH:** That in the event plaintiff was caused to sustain any damages as set forth in her Complaint and Jury Demand, any such damage was caused by plaintiff's failure to mitigate her own damages and seek immediate relief by implementing the proper legal

procedures set out to protect garnishees who feel their account has been wrongfully restrained.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

ONE-HUNDRED-THIRTY-SIXTH:            That        defendants repeat, reiterate and reallege each and every allegation as set forth in paragraphs marked "FIRST" through "ONE-HUNDRED-THIRTY-FIFTH" of defendants' Amended Answer as if same were more fully set forth herein at length.

ONE-HUNDRED-THIRTY-SEVENTH:            That    any    damages allegedly sustained by plaintiff were as a result of plaintiff's contributory negligence in not acting promptly after notice from plaintiff's financial institution that her account was restrained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

ONE-HUNDRED-THIRTY-EIGHTH:            Plaintiff's Complaint and Jury Demand fails to sufficiently state a cause of action against defendants upon which relief may be granted.

### _AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:_

<u>ONE-HUNDRED-THIRTY-NINTH</u>:          Plaintiff's claims and causes of action are barred by the applicable statute of limitations.

### _AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:_

<u>ONE-HUNDRED-FORTIETH</u>:          That this Court lacks subject matter jurisdiction over the purported controversy.

### _AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:_

<u>ONE-HUNDRED-FORTY-FIRST</u>:     Improper forum/venue.

### _AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:_

<u>ONE-HUNDRED-FORTY-SECOND</u>:          Failure to name indispensible parties.

### _AS AND FOR A NINTH AFFIRMATIVE DEFENSE:_

<u>ONE-HUNDRED-FORTY-THIRD</u>:     Prior action pending.

### *AS AND FOR A TENTH AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FORTY-FOURTH**:          Improper          party

defendants.

### *AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FORTY-FIFTH**:          Laches.

### *AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FORTY-SIXTH**:          Estoppel.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FORTY-SEVENTH**:          Waiver.

### *AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:*

**ONE-HUNDRED-FORTY-EIGHTH**:          Unclean hands.

### *AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF A FIRST COUNTERCLAIM:*

**ONE-HUNDRED-FORTY-NINTH**:          That          plaintiff          has

instituted  this  lawsuit  against  defendants  as  a  means  of

harassment  and  in  retaliation  for  defendants'  attempts  to

collect the underlying judgment to which plaintiff has readily admitted owing.

**ONE-HUNDRED-FIFTIETH:** That as a result of the foregoing, defendants have been damaged in a sum to be determined by the trier of fact, but not less than $ 100,000.00.

### *AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE*
### *AND BY WAY OF A SECOND COUNTERCLAIM:*

**ONE-HUNDRED-FIFTY-FIRST:** That as a result of plaintiff's litigation herein, defendant, David J. Gold, P.C., may have lost a valuable client and lost substantial revenue.

**ONE-HUNDRED-FIFTY-SECOND:** That as a result of the foregoing, defendants have been damaged in a sum to be determined by the trier of fact, but not less than $ 500,000.00.

WHEREFORE, defendants DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. and LINCOLN FINANCIAL SERVICES, INC. and ASHWOOD FINANCIAL INC., demand judgment dismissing plaintiff's Summons in a Civil Action and Complaint and Jury Demand, and on their first counterclaim, in a sum to

32

be determined by the trier of fact, but not less than
$ 100,000.00, and on their second counterclaim, in a sum to
be determined by the trier of fact, but not less than
$ 500,000.00, together with the costs, disbursements and
attorney's fees in defending this action, and for such
other and further relief as the Court may deem just and
proper.

Yours, etc.,

DAVID J. GOLD, P.C.
(DG 4912)
Attorney for Defendants
Office and P.O. Address
116 John Street, Suite 2203
New York, New York 10038-3300
Tel.: (212) 962-2910
Fax:  (212) 962-2919
EMail: djgpcesq1@aol.com

TO:   JOHN C. GRAY, ESQ.
      SOUTH BROOKLYN LEGAL
         SERVICES, INC.
      Attorneys for Plaintiff
      Office and P.O. Address
      105 Court Street
      Brooklyn, New York 11201
      Tel.: (718) 237-5500
      Fax:  (718) 855-0733

### *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK          )

COUNTY OF NEW YORK         ) ss.:

  LOUISE SAUER, being duly sworn, deposes and says:

  I reside in New York, New York.

  I am over the age of 18 years and am not a party to the within action.

   On Thursday, June 26, 2008, I served the annexed:

*AMENDED ANSWER AND COUNTERCLAIMS*

upon JOHN C. GRAY, ESQ. - SOUTH BROOKLYN LEGAL SERVICES, INC., the persons named therein as the attorneys for the named plaintiff, in the following manner:

  By mailing the same in a sealed envelope with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, via regular mail, addressed to the last known address of the addressee(s) as indicated below (the address designated by said party as his/her address):

105 Court Street
New York, New York  11201

Sworn to before me this
Thursday, June 26, 2008.

NOTARY PUBLIC
DAVID J. GOLD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 31-4872791
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 9/15/2010

                LOUISE SAUER

DAVID J. GOLD, P.C.

CASE NO.:          08 CV 2794 (RJS)
CALENDAR NO.:
DJGPC FILE NO.:    1104129

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

DIANE MICELI,

                                        PLAINTIFF,

              -AGAINST-

DAVID J. GOLD, P.C., IN HIS CAPACITY AS ATTORNEY FOR LINCOLN
FINANCIAL SERVICES AND ASHWOOD FINANCIAL, INC. AND LINCOLN
FINANCIAL SERVICES, INC. AND ASHWOOD FINANCIAL INC.,

                                        DEFENDANTS.

================================================================

*AMENDED ANSWER AND COUNTERCLAIMS*

================================================================

    Pursuant TO 22 NYCRR 130-1.1, the undersigned, an attorney admitted to

 practice in the courts of New York State certifies that, upon information

and belief and reasonable inquiry, the contentions contained in the annexed

              document are not frivolous.

                    _____
                    DAVID J. GOLD, P.C. (DG-4912)
                     ATTORNEY FOR DEFENDANTS
                OFFICE & P.O. ADDRESS, TELEPHONE
                   116 JOHN STREET, SUITE 2203
                   NEW YORK, NEW YORK 10038-3300
                      TEL.: (212) 962-2910
                      FAX:  (212) 962-2919
                  E-MAIL: DJGPCESQ1@AOL.COM